# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET A. RAMSEY and ROBERT M. RAMSEY, <br> Plaintiffs. <br><br> v. <br><br> RAY B. SUMMERS, JR., <br><br> Defendant. | Civil Action No. 10-CV-00829 <br><br> Magistrate Judge Lisa Pupo Lenihan <br> ECF No. 5 |

## OPINION AND MEMORANDUM ORDER

### I. STATEMENT OF CASE

Currently pending is the partial Motion by Defendant Ray Summers, Jr. to Dismiss Count II of Plaintiffs' Complaint alleging negligence per se and Motion to Strike all claims for attorneys' fees (ECF No. 5).

Plaintiffs, Janet and Robert Ramsey, brought the present action against Ray Summers, Jr. arising from an automobile accident that occurred on July 2, 2008 in the Complaint dated June, 17, 2010. The Complaint consists of three (3) counts: negligence, negligence per se, and loss of consortium. On October 8, 2010, Defendant Summers filed his Motion to Dismiss. On October 28, 2010, Plaintiffs filed a Memorandum in Opposition to the partial Motion to Dismiss (ECF No. 8), alleging that the Motion should be denied or, in the alternative, requesting the Court to grant Plaintiffs leave to file an amended complaint to plead the allegations that are set within Count II within the general negligence claim in Count I.

## II. STATUTORY PROVISIONS AT ISSUE

Broadly stated, this Court must determine if Count II of the Plaintiffs' Complaint fails to state an adequate claim upon which relief may be granted. According to Fed. R. Civ. P. 12(b)(6), "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion... failure to state a claim upon which relief can be granted."

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (May 18, 2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949 (citing *Twombly* at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57). The court of appeals expounded on this standard in its decision in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*.

> After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. To prevent

2

> dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly*, 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler*, 578 F.3d at 210-11 (citing *Iqbal*, 129 S.Ct. at 1949). Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id.* at 211 (citing *Iqbal*, 129 S.Ct. at 1950). To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id.* (citing *Phillips* at 234-35). In applying this plausibility standard, the reviewing court makes a context-specific inquiry, drawing on its judicial experience and common sense. *Id.* (citing *Iqbal*, 129 S.Ct. at 1950).

Further, as this Court has jurisdiction predicated on diversity of citizenship, the case must be adjudicated in accordance with the applicable substantive law of the forum state. *Covington v. Continental Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004); *Highlands Ins. Co. v. Hobbs Group, LLC*, 373 F.3d 347, 351 (3d Cir. 2004) (citing *Erie Railroad v. Tompkins*, 304 U.S. 64, 78 (1938)). Pennsylvania law governs the legal issues presented here. However, federal law governs this case procedurally. *Hanna v. Plumer*, 380 U.S. 460, 473-74 (1965).

3

## III. ANALYSIS

### 1. Negligence Per Se Claim

Negligence per se has been defined as conduct that may be treated as negligence without further argument or proof as to the particular surrounding circumstances. *Centolanza v. Lehigh Valley Dairies*, 635 A.2d 143, 149 (Pa. Super. 1993) aff'd 658 A.2d 336 (1995). Pennsylvania has recognized that a violation of a statute or ordinance may serve as the basis for a negligence per se claim. *White by Stevens v. Southeasern Pa. Transp.*, 518 A.2d 810, 816 (Pa. Super. 1986). However, under Pennsylvania law, "negligence per se is not a separate cause of action." *Zaborowski v. Hospitality Care Center of Hermitage, Inc.*, 60 Pa. D. & C.4th 474, 498 (Pa. Com. Pl. 2002). The violation of a statute alone does not create an independent cause of action because the violation must be demonstrated to have been a substantial factor in causing the injury (i.e. Plaintiffs must demonstrate causation and damages). *Gravlin v. Fredavid Builders and Developers*, 677 A.2d 1235 (Pa. Super. 1996); *Cabiroy v. Scipone*, 767 A.2d 1078 (Pa. Super. 2001) (holding the doctrine of negligence per se liability does not create independent basis of tort liability but rather establishes, by reference to statutory scheme, standard of care appropriate to underlying tort).

In Count II of their Complaint, Plaintiffs assert that Defendant Summers violated provisions of the Pennsylvania Motor Vehicle Code. 75 Pa. Cons. Stat. § 3802. Since the violation of a statute in and of itself cannot serve as an independent basis of liability, Count II of the Complaint should be dismissed.

### 2. Leave to Amend Complaint

Plaintiffs, however, have requested in the alternative that they be granted leave to amend the Complaint to plead the allegations that are set within Count II within the general negligence

4

claim of Count I. Fed. R. Civ. P. 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In *Zaborowski*, the Court granted the plaintiff leave to amend his complaint to replead "the allegations of negligence per se as part of his cause of action for negligence." 60 Pa. D. & C.4th at 498.

As in *Zaborowski*, justice so requires that Plaintiffs be granted leave to amend their Complaint to incorporate the negligence per se claim within the negligence claim in Count I.

### 3. Attorneys' Fees

Under Pennsylvania law, attorneys' fees can be recovered from an adverse party only if there is either statutory authority or a clear agreement between parties that provides for such an award. *Knecht, Inc. v. United Pacific Ins. Co.*, 860 F.2d 74 (3d Cir. 1988); *Snyder v. Snyder*, 620 A.2d 1133 (Pa. 1993). Plaintiffs have provided no statutory authority or referenced any agreement which would entitle them to recovery attorneys' fees from Defendant Summers in this action. In fact, Plaintiffs filed no response to the Motion to Strike attorneys' fees in their Brief in Opposition. As such, all claims for attorneys' fees should be stricken from the Complaint.

## IV. CONCLUSION

For the reasons set for above, it is respectfully recommended that the partial Motion to Dismiss be granted, Plaintiffs' be granted leave to amend their Complaint, and attorneys' fees be stricken from the Complaint. Therefore,

**IT IS HEREBY ORDERED THAT** Defendant's Partial Motion to Dismiss (ECF No. 5) is **GRANTED;**

**IT IS FURTHER ORDERED THAT** Count II of Plaintiffs' Complaint (ECF No. 1) is dismissed and all claims for attorneys' fees are stricken.

**IT IS FURTHER ORDERED THAT** Plaintiffs' are granted until March 14, 2011 to file an Amended Complaint.

Dated: March 1, 2011

BY THE COURT

LISA PUPO LENIHAN
Chief U.S. Magistrate Judge